UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JUNIUS LE ROMAN, JR.** | **CASE NO. 6:20-CV-01083 SEC P** |
| **VERSUS** | **JUDGE MICHAEL J. JUNEAU** |
| **DRAPPER ANTHONY, ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

## REPORT AND RECOMMENDATION

Pro se plaintiff, Junius Lee Roman, Jr., proceeding *in forma pauperis,* filed his original complaint on September 8, 2020 (rec. doc. 5) and an amended complaint on November 2, 2020 (rec. doc. 11), pursuant to 42 U.S.C. §1983. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### I. Background

Junius Lee Roman, Jr. (Roman) filed the instant suit alleging that in 2018, his fellow inmate, defendant Drapper Anthony, came into his lockdown cell, beat him until he was unconscious and hung him in the cell. Rec. Doc. 5, p. 3. While Plaintiff was unconscious, defendant Tangala Robertson, a Nurse Practitioner hired by Anthony's mother/aunt, defendant Loyce Anthony, implanted a computer chip into his ear drum or mouth, where it remains. *Id.* Plaintiff contends that he was taken to

the Iberia Medical Center in 2019 and was denied medical care by Nurse Practitioner Tangala Robertson, because had an x-ray or similar diagnostic test been performed, the existence and location of the neural implant/computer chip would have been discovered. Rec. Doc. 11, p. 1.

Plaintiff seeks monetary damages in the amount of $20,000,000.

## II. Law and Analysis

### a. Frivolity Review

Roman has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397,

400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### b. State Actors

In order to recover under §1983, a plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). In order to prove the deprivation of a right protected by the Due Process Clause of the Fourteenth Amendment, a plaintiff must prove state action. *Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir.1995). In §1983 actions alleging the deprivation of due process rights, the Fourteenth Amendment's 'state action' requirement and § 1983's 'under color of state law' requirement collapse into a single inquiry." *Landry v. A-Able Bonding*, Inc., 75 F.3d 200, 203 (5th Cir.1996).

The plaintiff may satisfy the "under color of state law" requirement by proving that the conduct causing the deprivation is "fairly attributable to the State" which means proof (1) that the deprivation was caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may be fairly described as a state actor. *Id.* at 203-04 (*citing Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

3

Plaintiff brings the instant claim pursuant to § 1983, alleging that his civil rights have been violated by inmate Drapper Anthony, his mother/aunt Loyce Anthony, Nurse Practitioner Tangala Robertson and her employer, Iberia Medical Hospital. However, none of the named defendants are state actors. Because there is no conduct that could reasonably be attributed to a state actor, Plaintiff fails to allege an essential element of a § 1983 claim.

### c. Delusional/Fanciful Claims

Even if Plaintiff was able to contribute the conduct complained of to state actors, the Court finds his claims to be subject to dismissal, as they are factually frivolous.

The United States Supreme Court has explained that contentions are "clearly baseless" if they are "fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal quotation marks and citations omitted).

Here, the absence of material facts regarding plaintiff's claims, coupled with the irrational or wholly incredible nature of his claims, supports a finding of factual frivolousness. *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Plaintiff's allegations made in this lawsuit clearly meet that definition. Courts have

considered similar contentions so delusional as to warrant dismissal as frivolous. See, e.g., *Dodson v. Haley*, No. 16-6196, 2017 WL 3224485 (6th Cir. May 17, 2017) (dismissing as frivolous plaintiff's allegations that the defendants "installed 'eye cameras' and 'thought-processing devices'" in plaintiff's body to read his mail and monitor his food in order to tamper with it); *Manco v. Does*, 363 Fed. App'x 572, 575 (10th Cir. 2010) (dismissing as frivolous plaintiff's allegations that "prison officials implanted a radio frequency device in his body to track his movements and thoughts"); *Johnson v. Drug Enforcement Agency*, 137 Fed. App'x 680 (5th Cir. 2005) (dismissing as frivolous plaintiff's allegations that the DEA implanted a transmitter in his scalp); *Fernandez v. Huntsville Unit*, 2015 U.S. Dist. LEXIS 175224 (E.D. Tex. 2015) (dismissing as frivolous plaintiff's allegations that defendants planted devices and cameras in his body and are using electric devices to electrocute his body, and are trying to kill him by starvation and poisoning his food trays).

Without any factual basis to support his pleadings, plaintiff's allegations rise to the level of altogether irrational or wholly incredible and should be dismissed as frivolous.

### III. Conclusion

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. §1915.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE in Chambers on this 5th day of January, 2021.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE